# EXHIBIT "A"



# Service of Process Transmittal
03/25/2022
CT Log Number 541294099

**TO:** Lindsay Goldstein
Burlington Coat Factory Warehouse Corporation
1830 N ROUTE 130
BURLINGTON, NJ 08016-3020

**RE:** Process Served in New York

**FOR:** Burlington Coat Factory of Texas, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SUWETTE RODRIGUEZ // To: Burlington Coat Factory of Texas, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice |
| **COURT/AGENCY:** | Bronx County Supreme Court, NY<br>Case # 8044862022E |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 09/02/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/25/2022 at 03:17 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark J. Linder<br>HARMON, LINDER & ROGOWSKY<br>3 Park Avenue, Suite 2300<br>NEW YORK, NY 10016 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/25/2022, Expected Purge Date: 03/30/2022<br><br>Image SOP<br><br>Email Notification,  Lindsay Goldstein  lindsay.goldstein@burlington.com<br><br>Email Notification,  Cynthia Pacheco  cynthia.pacheco@burlingtonstores.com<br><br>Email Notification,  Christie Cawley-Duff  christie.cawley-duff@burlington.com<br><br>Email Notification,  Mark McCullough  Mark.McCullough@burlingtonstores.com<br><br>Email Notification,  Karen Leu  Karen.Leu@burlingtonstores.com<br><br>Email Notification,  Jennifer Morris  Jennifer.morris@burlingtonstores.com<br><br>Email Notification,  Teleicia Dambreville  teleicia.dambreville@burlington.com<br><br>Email Notification,  Jennifer Seung  jennifer.seung@burlington.com |



| | | |
|---|---|---|
| **TO:** | Lindsay Goldstein<br>Burlington Coat Factory Warehouse Corporation<br>1830 N ROUTE 130<br>BURLINGTON, NJ 08016-3020 | **Service of Process Transmittal**<br>03/25/2022<br>CT Log Number 541294099 |

**RE:** Process Served in New York

**FOR:** Burlington Coat Factory of Texas, Inc. (Domestic State: FL)

Email Notification, Hien Nguyen   hien.nguyen@burlington.com

Email Notification, Christiann Quinn   christianne.quinn@burlington.com

Email Notification, Ethan Simon   ethan.simon@burlington.com

Email Notification, Terri Bird   terri.bird@burlington.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
28 Liberty Street
New York, NY 10005

866-401-8252
EastTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Mar 25, 2022

**Server Name:** NY-NYC DROPOFFPROCESSSERVER

| Entity Served | BURLINGTON COAT FACTORY OF TEXAS, INC. |
|---|---|
| Case Number | 8044862022E |
| Jurisdiction | NY |



FILED: BRONX COUNTY CLERK 03/23/2022 06:20 PM           INDEX NO. 804486/2022E
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 03/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                  Index No.:

---

SUWETTE RODRIGUEZ,

                Plaintiff(s),

Plaintiff designates the
COUNTY OF BRONX
As the place of trial
The basis of the venue is
PLAINTIFF'S residence

        against

**SUMMONS**

Plaintiff's residence is
3071 Park Avenue
County of BRONX

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,
BURLINGTON COAT FACTORY OF TEXAS, INC. and
BURLINGTON COAT FACTORY DIRECT CORPORATION,

                Defendant(s).

---

To the above-named defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney(s) within 20 days after the service of this summons, excluded of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer a judgment will be taken against you by default for the relief demanded in the complaint.

Date: March 23, 2022

                                  *Mark J. Linder*
                                  Mark J. Linder, Esq.
                                  **HARMON, LINDER & ROGOWSKY**
                                  Attorneys for Plaintiff(s)
                                  3 Park Avenue, Suite 2300
                                  New York, NY 10016

<u>Defendants' address:</u>

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION
c/o C T Corporation System
28 Liberty St.
NY, NY 10005

FILED: BRONX COUNTY CLERK 03/23/2022 06:20 PM                INDEX NO. 804486/2022E
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 03/23/2022

BURLINGTON COAT FACTORY OF TEXAS, INC.
c/o C T Corporation System
28 Liberty St.
NY, NY 10005


BURLINGTON COAT FACTORY DIRECT CORPORATION
c/o C T Corporation System
28 Liberty St.
NY, NY 10005

FILED: BRONX COUNTY CLERK 03/23/2022 06:20 PM    INDEX NO. 804486/2022E
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 03/23/2022

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
-----------------------------------------------------------------x
**SUWETTE RODRIGUEZ,**

                                  **Plaintiff,**

      -against-                                **VERIFIED**
                                                **COMPLAINT**
                                                **Index No.:**

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,**
**BURLINGTON COAT FACTORY OF TEXAS, INC. and**
**BURLINGTON COAT FACTORY DIRECT CORPORATION,**

                                  **Defendants.**
-----------------------------------------------------------------x

      Plaintiff complaining of the defendants herein, by her attorneys HARMON, LINDER & ROGOWSKY, respectfully sets forth and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF

1. That at the time of the commencement of this action, plaintiff was resident of the County of BRONX and State of New York.

2. That at all times herein mentioned, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION was and still is a foreign business corporation organized in Florida and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION was and still is conducting business in the State of New York.

4. That at all times herein mentioned, BURLINGTON COAT FACTORY OF TEXAS, INC. was and still is a foreign business corporation organized in Florida and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, BURLINGTON COAT FACTORY OF TEXAS,

INC. was and still is conducting business in the State of New York.

6. That at all times herein mentioned, BURLINGTON COAT FACTORY DIRECT CORPORATION was and still is a foreign business corporation organized in New Jersey and existing under and by virtue of the laws of the State of New York.

7. That at all times herein mentioned, BURLINGTON COAT FACTORY DIRECT CORPORATION was and still is conducting business in the State of New York.

8. That at all times herein mentioned, the location and place of the plaintiff's accident was inside the Burlington Coat Factory Store located on and upon the lands and premises at **700 Exterior Street, Suite 302A, in the County of BRONX** and State of New York.

9. That the defendants at said location invited the public, including the plaintiff to be its customers and patrons.

10. That at all times herein mentioned, the date and time of the plaintiff's accident was on **September 2, 2021 at approximately 5:00 pm.**

11. That on said date, time and place the plaintiff herein was a lawfully present and a patron at said location.

12. That on said date, time and place the plaintiff herein was involved in an accident at said location.

13. That on said date, time and place the plaintiff herein sustained injuries from said accident at said location.

14. That on said date, time and place the plaintiff herein sustained injuries from said accident at said location due to negligent, dangerous and/or defective conditions.

15. That on said date, time and place the plaintiff herein sustained injuries due to the negligence and carelessness of the defendants.

FILED: BRONX COUNTY CLERK 03/23/2022 06:20 PM                           INDEX NO. 804486/2022E
NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 03/23/2022

16. That on said date, time and place the plaintiff herein was lawfully walking inside said store at said location and was struck by a falling rack of clothing thereby sustaining injuries.

17. That on said date, time and place there was inadequate lighting at said location.

18. The defendants, at all relevant times, and for many days and/or weeks prior thereto, caused, created, allowed and/or permitted said location to remain in a dangerous condition.

19. The defendants knew or should have known of said dangerous condition and should have taken action to correct said condition.

20. The defendants, at the time of the accident, negligently caused, created, allowed and/or permitted said location to remain in a dangerous condition, and failed to correct the condition.

21. That the defendants had actual and constructive notice of the condition on the day of the accident.

22. That on said date, time and place, defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION owned or leased certain lands and/or premises at said location.

23. That on said date, time and place, defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION operated certain lands and/or premises at said location.

24. That on said date, time and place, defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION managed certain lands and/or premises at said location.

25. That on said date, time and place, defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION maintained certain lands and/or premises at said location.

26. That on said date, time and place, defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION controlled certain lands and/or premises at said location.

27. That defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION through its acts and or omissions carelessly, negligently, inadequately and/or improperly owned, operated, managed, maintained and/or controlled certain lands and/or premises at said location.

28. That defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION through its acts and or omissions carelessly, negligently, inadequately and/or improperly repaired, inspected and/or failed to repair and inspect certain lands and or premises at said location.

29. That on said date, time and place, defendant BURLINGTON COAT FACTORY OF TEXAS, INC. owned or leased certain lands and/or premises at said location.

30. That on said date, time and place, defendant BURLINGTON COAT FACTORY OF TEXAS, INC. operated certain lands and/or premises at said location.

31. That on said date, time and place, defendant BURLINGTON COAT FACTORY OF TEXAS, INC. managed certain lands and/or premises at said location.

32. That on said date, time and place, defendant BURLINGTON COAT FACTORY OF TEXAS, INC. maintained certain lands and/or premises at said location.

33. That on said date, time and place, defendant BURLINGTON COAT FACTORY OF TEXAS, INC. controlled certain lands and/or premises at said location.

34. That defendant BURLINGTON COAT FACTORY OF TEXAS, INC. through its acts and or omissions carelessly, negligently, inadequately and/or improperly owned, operated, managed, maintained and/or controlled certain lands and/or premises at said location.

35. That defendant BURLINGTON COAT FACTORY OF TEXAS, INC. through its acts and or omissions carelessly, negligently, inadequately and/or improperly repaired, inspected and/or failed to repair and inspect certain lands and or premises at said location.

36. That on said date, time and place, defendant BURLINGTON COAT FACTORY DIRECT CORPORATION owned or leased certain lands and/or premises at said location.

37. That on said date, time and place, defendant BURLINGTON COAT FACTORY DIRECT CORPORATION operated certain lands and/or premises at said location.

38. That on said date, time and place, defendant BURLINGTON COAT FACTORY DIRECT CORPORATION managed certain lands and/or premises at said location.

39. That on said date, time and place, defendant BURLINGTON COAT FACTORY DIRECT CORPORATION maintained certain lands and/or premises at said location.

40. That on said date, time and place, defendant BURLINGTON COAT FACTORY DIRECT CORPORATION controlled certain lands and/or premises at said location.

41. That defendant BURLINGTON COAT FACTORY DIRECT CORPORATION through its acts and or omissions carelessly, negligently, inadequately and/or improperly owned, operated, managed, maintained and/or controlled certain lands and/or premises at said location.

42. That defendant BURLINGTON COAT FACTORY DIRECT CORPORATION through its acts and or omissions carelessly, negligently, inadequately and/or improperly repaired, inspected and/or failed to repair and inspect certain lands and or premises at said location.

43. That at all times herein mentioned defendants, their agents, servants and/or employees thorough their acts and/or omissions were careless and negligent in the ownership, operation and control of the aforesaid premises; in causing, allowing and/or

permitting the aforesaid location of said premises to become and remain in dangerous condition, unmaintained, negligent, improper and/or unsafe condition; in causing, allowing and/or permitting aforesaid location to be and remain in a hazardous condition; in failing to make proper, timely and adequate inspection thereof; in failing to maintain the aforesaid premises in a proper manner; in the negligent and dangerous design, installation, maintenance and management of the aforesaid area; in failing to set up proper safeguards and/or barriers; in failing to warn persons lawfully traversing the area of the aforesaid trap-like, dangerous and hazardous condition; in failing to have sufficient and adequate manpower; in failing to protect invitee of said area; in creating a nuisance or trap; in failing to provide and/or use proper equipment; in failing to have adequate and proper lighting; and in otherwise failing to use due care, caution and prudence on the premises.

44.     That the defendants were at all times under a duty to keep said location in a safe and secured manner and in a condition free from dangerous conditions.

45.     That the defendants failed to keep said location in a safe and secured manner and in a condition free from dangerous conditions.

46.     That the defendants breached their duty to the plaintiff herein.

47.     That as a result of the foregoing, the plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

48.     That this occurrence and the injuries sustained by the plaintiff were caused by the negligence of defendants.

49. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

50. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "50", as if the same were fully hereinafter set forth at length.

52. That the defendants' conduct as earlier described was negligent and careless in *inter alia*:

    (a) Failing to take proper precautions for the safety and wellbeing of the plaintiff;

    (b) That the defendants were negligent in the hiring, screening, training, and supervising of its employees, agents, contractors, etc.,

    (c) Failing to adopt appropriate procedures for the protection of its invitees including the plaintiff;

    (d) Negligence at law.

53. That the defendants should have known that its failure in such regards would cause harm.

54. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

FILED: BRONX COUNTY CLERK 03/23/2022 06:20 PM                INDEX NO. 804486/2022E
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 03/23/2022

**WHEREFORE**, plaintiff demands judgment against the defendants on the First and Second Causes of Action together with interest and the costs and disbursements of this action.

Dated:   New York, New York
         March 23, 2022

                                           *Mark J. Linder*
                                           Mark J. Linder, Esq.
                                           **HARMON, LINDER & ROGOWSKY**
                                           Attorneys for Plaintiff
                                           3 Park Avenue, 23rd Floor, Suite 2300
                                           New York, NY 10016
                                           ACD

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief. As to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions held with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of the plaintiff is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.

Dated:     New York, NY
           March 23, 2022

*Mark J. Linder*
_____
Mark J. Linder, Esq.

Index No.:                                                              Year:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------
SUWETTE RODRIGUEZ,

                                                                        Plaintiff(s),

                        -against-


BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,
BURLINGTON COAT FACTORY OF TEXAS, INC. and
BURLINGTON COAT FACTORY DIRECT CORPORATION,

                                                                        Defendant(s).
-------------------------------------------------------------------

**VERIFIED SUMMONS AND COMPLAINT**

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

To:
Attorney(s) for

Service of a Copy of the within                        is hereby admitted.

Dated:
                                                       Attorneys for

PLEASE TAKE NOTICE:

NOTICE OF          That the within is a (certified) true copy of a
ENTRY              entered in the office of the clerk of the within named Court on      20____


NOTICE OF          that an order of which the within is a true copy will be presented for settlement to the
SETTLEMENT         Hon.           one of the Judges of the within named Court, on
                                  20____ , at         M.
Dated:

HARMON, LINDER & ROGOWSKY
Attorneys for Plaintiff
3 Park Avenue, Suite 2300
New York, NY 10016
Tel: (212) 732-3665   Fax: (212) 732-1462

SUPREME COURT OF THE STATE OF NEW YORK  
COUNTY OF   BRONX

INDEX 804486/2022E

SUWETTE RODRIGUEZ

AGAINST

PLAINTIFF/PETITIONER

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION ET AL

DEFENDANT/RESPONDENT

**NOTICE OF ELECTRONIC FILING (Mandatory Case) (Uniform Rule § 202.5-bb**

You have received this Notice because:
 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
 2) You are a Defendant/Respondent (a party) in this case.

*If you are represented by an attorney:
   Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

*If you are not represented by an attorney:
   You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:
   *serving and filing your documents electronically
   *free access to view and print your e-filed documents
   *limiting your number of trips to the courthouse
   *paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:
   *visit: www.nycourts.gov/efile-unrepresented or
   *contact the Clerk's Office or Help Center at the court where the case was filed. Court
     contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

Information for Attorneys (E-filing is Mandatory for Attorneys)
An attorney representing a party who is served with this notice must either:
 1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or
 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such
     equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATE:   3/23/2022

*HARMON, LINDER & ROGOWSKY, ESQS.*

HARMON, LINDER & ROGOWSKY, ESQS.
3 PARK AVENUE, SUITE 2300
NEW YORK, NY 10016
Tel: 212-732-3665